# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, **Luis Polo**, being duly sworn, do hereby depose and state the following:

1. I am a Border Patrol Agent with the United States Border Patrol and have been so employed since March 27, 2006. As a Border Patrol Agent, I have gained experience in conducting investigations related to the illegal entry of aliens into United States. I attended the Federal Law Enforcement Training Center at Artesia, New Mexico, where I received training for the purpose of accomplishing my Border Patrol duties, which includes training in immigration related law and matters. Furthermore, I also receive training on a continuing basis for the purpose of maintaining my proficiency pertaining to Border Patrol work.

2. Investigation revealed that, on or about Saturday, September 27, 2025, **Nelfry HERNANDEZ-VALDEZ** was found in the United States illegally, upon being encountered, at or near Isabela, Puerto Rico, while present in the United States illegally, after having been deported after a felony conviction. Therefore, this Affidavit is made in support of a Criminal Complaint against Nelfry HERNANDEZ-VALDEZ based on violation of Title 8, United States Code, Section 1326(a)&(b)(1), re-entering the United States after being previously removed, subsequent to a felony conviction.

3. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

1

## PROBABLE CAUSE

4. On or about Saturday, September 27, 2025, at approximately 10:35a.m., Ramey Sector Border Patrol Dispatch received information regarding several subjects, including **HERNANDEZ-VALDEZ,** being encountered during a traffic stop at Road #2, at or near Isabela, Puerto Rico.

5. Isabela Municipal Police Department (IMPD) was conducting roving patrol operations at or near Road #2 in Isabela, Puerto Rico. During their patrol duties, they noticed a 2017 Honda Pilot, with license plate IYY-688, white in color, with darkened tinted windows.

6. IMPD proceeded to make a vehicle stop on Road #2, at kilometer 111.5, based on a possible violation to the Puerto Rico Transit Law 22, Article 5.02 (unauthorized tinted windows).

7. IMPD identified himself as a police officer, indicating the motive of the intervention. IMPD then proceeded to conduct a tinted window measurement with a tint meter device.

8. IMPD tinted window measurement with the tint meter device indicated 15% result. By Puerto Rico's Transit Law # 22, the legal limit for tinted windows states 35% or more to be considered legal in Puerto Rico.

9. IMPD then requested the vehicle operator, **HERNANDEZ-VALDEZ,** his driver's license.

10. The vehicle operator, **HERNANDEZ-VALDEZ,** provided his Puerto Rico's Driver's License to IMPD.

11. IMPD received the driver's license, noticing that this license contained some markings, not seen before by the officer. IMPD officer contacted his supervisor for guidance, regarding this type of driver's license.

12. IMPD supervisor contacted Border Patrol for assistance.

13. The vehicle driver, **HERNANDEZ-VALDEZ**, and other occupants were transported to IMPD station pending guidance & assistance by U.S. Border Patrol (USBP).

14. Border Patrol Agent (BPA) was dispatched as requested to assist IMPD.

15. Upon arrival, BPA identified himself as an immigration officer, and proceeded to interview all subjects, including **HERNANDEZ-VALDEZ**.

16. BPAs questioned all subjects, including **HERNANDEZ-VALDEZ**, as to their citizenship and nationality.

17. All subjects, including **HERNANDEZ-VALDEZ**, freely and voluntarily admitted to being unlawfully present in the United States.

18. All subjects, including **HERNANDEZ-VALDEZ**, admitted being citizens & nationals of the Dominican Republic.

19. Record checks were conducted on all subjects, including **HERNANDEZ-VALDEZ**.

20. It was determined that all the subjects, including **HERNANDEZ-VALDEZ** were illegally present in the United States (Puerto Rico).

21. It was confirmed that **HERNANDEZ-VALDEZ** is an illegal alien with a prior deportation/removal order and a felony conviction for which he was sentenced to thirteen (13) months imprisonment in Carolina, Puerto Rico.

22. All subjects, including **HERNANDEZ-VALDEZ**, were arrested and transported to USBP Ramey Station in Aguadilla, Puerto Rico, for further investigation, processing and removal proceedings.

23. Once at the Ramey Station, all subjects, including **HERNANDEZ-VALDEZ** photograph & fingerprints were taken and entered to different law enforcement database systems. Record checks confirmed that **HERNANDEZ-VALDEZ** possesses prior immigration & criminal history.

24. As to **HERNANDEZ-VALDEZ's** immigration & criminal history:

    (a) On December 04, 2018, **HERNANDEZ-VALDEZ** illegally entered the United States at or near Aguadilla, Puerto Rico.

    (b) On February 13, 2024, **HERNANDEZ-VALDEZ,** was convicted before the Puerto Rico First Instance Court Carolina Superior Chamber in Carolina, Puerto Rico for Attempted Fraud (Case Number: FBD2023G0061) in Violation of Article 202 (b); Attempted Possession & Transferring of Fraudulent documents (Case Number: FST2023G0005) in violation of Article 217; & Attempted Possession & Transferring of Fraudulent Documents (Case Number: F ST2023G0006) in violation of Article 217.

    (c) On February 13, 2024, **HERNANDEZ-VALDEZ** was sentenced to thirteen (13) months & fifteen (15) days of imprisonment on each count to be served concurrently. This sentence was ordered suspended based on Law 259 dated April 13, 1946.

    (d) On March 07, 2024, **HERNANDEZ-VALDEZ** was encountered by Immigration & Customs Enforcement (ICE) San Juan Deportation Officers assigned to the Criminal Apprehension Program (CAP) at the Puerto Rico Department of Corrections Probation Office in Carolina, Puerto Rico.

(e) On April 02, 2024, an Immigration Judge Order of Removal was issued against **HERNANDEZ-VALDEZ**.

(f) On May 07, 2024, **HERNANDEZ-VALDEZ**, was officially & physically removed from the United States to the Dominican Republic from the Port of Miami, Florida.

(g) On July 31, 2024, **HERNANDEZ-VALDEZ** was encountered once again, upon intercepted at sea by the United States Coast Guard (USCG). At the time, **HERNANDEZ-VALDEZ**, was encountered attempting to re-enter into the United States through Puerto Rico. **HERNANDEZ-VALDEZ** qualified for prosecution under 8 USC 1326(b)(1) – Reentry of removed aliens subsequent to a felony conviction. However, at the time **HERNANDEZ-VALDEZ** was given an opportunity to return (repatriated) to the Dominican Republic, instead of being prosecuted & criminally charged for attempting to re-enter the United States.

(h) On September 10, 2024, **HERNANDEZ-VALDEZ**, illegally re-entered the United States, at or near Aguadilla, Puerto Rico without having been detected. **HERNANDEZ-VALDEZ** has been residing at or near Bayamón, Puerto Rico ever since his last illegal re-entry.

25. Border Patrol Agents advised **HERNANDEZ-VALDEZ** of his right to legal representation and his right to speak with the Consular Officer of his native country, the Dominican Republic.

26. **HERNANDEZ-VALDEZ** re-entered the United States at a place other than a designated Port of Entry.

27. **HERNANDEZ-VALDEZ** is a national and citizen of the Dominican Republic who does not possess any immigration documents allowing him to enter and/or remain in the United States legally, to include but not limited, the lack of express consent from the Attorney General of the United States, or his successor, the Secretary of the Department of Homeland Security, to reapply for admission into the United States. Furthermore, **HERNANDEZ-VALDEZ** was not inspected, admitted, or paroled into the United States by an Officer of the Bureau of Customs and Border Protection.

28. **HERNANDEZ-VALDEZ** does not have any petitions pending with the Bureau of Citizenship & Immigration Services.

29. Based upon my training, experience, and participation in other investigations, and based on the facts revealed in this investigation, I believe that sufficient probable cause exists to demonstrate the commission of a violation of federal law by the above-mentioned subject, to wit, a violation of Title 8, *United States Code,* Section 1326 (b)(1).

Luis Polo
Border Patrol Agent

Sworn and subscribed to before me this 1st day of October 2025, at 6:05 p.m. in San Juan, Puerto Rico.

HECTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO